UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10262-SMR |
| | § | |
| CHAPARRAL PROFESSIONAL | § | |
| LAND SURVEYING, INC. | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 (SUBCHAPTER V) |

**MOTION TO SHOW CAUSE WHY CASE SHOULD NOT BE CONVERTED OR DISMISSED UNDER 11 U.S.C. § 1112(b)(1)**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Austin Division, 903 San Jacinto Blvd., Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

TO THE HONORABLE SHAD M. ROBINSON,
UNITED STATES BANKRUPTCY JUDGE:

Michael G. Colvard, Subchapter V Trustee (herein "Sub V Trustee") hereby files his Motion to Show Cause Why Case Should not be Converted or Dismissed Under 11 U.S.C. § 1112(b)(1) (the "Motion"). In support of the Motion, the Sub V Trustee respectfully states as follows:

### I.    JURISDICTION

1.1    This Court has jurisdiction over this chapter 11 case and the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.     PROCEDURAL BACKGROUND

2.1     Chaparral Professional Land Surveying, Inc. ("Chaparral" or "Debtor") filed for relief under Chapter 11 on March 11, 2024.

2.2     Notice of Appointment of Subchapter V Trustee, Brad W. Odell, was filed on March 15, 2024 [ECF No. 15].

2.3     The 341 Meeting of Creditors was set for April 9, 2024, and the deadline to file Proofs of Claim was set for May 20, 2024.

2.4     The Plan of Reorganization was filed on June 28, 2024 [ECF No. 105], as Amended on September 16, 2024 [ECF No. 136] (the "Plan"). The hearing on Plan Confirmation was held on October 22, 2024, and approved as amended. The Order Confirming Debtor's Amended Plan of Reorganization was entered on December 5, 2024 [ECF No. 150] (the "Confirmation Order").

2.5     The Confirmation Order provides, in part:

> "The Debtor shall make the payments to all creditors required by the Plan under 11 U.S.C. § 1194(b) except for the payments to be made to Bank United, which shall be made by Brad Odell (the "Trustee") (the Trustee and the Debtor being referred to collectively as the "Disbursing Agents"). With respect to Sections 10.01 and 10.02 of the Plan, the Trustee shall be the Disbursing Agent with respect to Bank United, with the Debtor being the Disbursing Agent with respect to all creditors other than Bank United."

(Confirmation Order, ¶ 7)

2.6     The Confirmation Order also provides:

> "The Disbursing Agents shall each file a report six (6) months after the Effective Date and every six (6) months thereafter detailing payments made by the respective Disbursing Agent and disbursements made by each respective Disbursing Agent under the Plan.

(Confirmation Order, ¶ 8)

2.7     Notice of Appointment of Successor Trustee, Michael G. Colvard, was filed on March 11, 2025 [ECF No. 165].

### III.     ARGUMENTS/AUTHORITIES

3.1     Under 11 U.S.C. § 1112(b)(2) a court may convert or dismiss a case upon request by a party in interest.

3.2     Debtor has defaulted under the terms of the Plan by failing to make payments and by failing to file post-confirmation reports.  A true and correct copy of the notices issued to Debtor's counsel advising of default are attached hereto and incorporated herein as **Exhibit 1**.

3.3     In addition, Sub V Trustee has communicated with Debtor's counsel regarding default.  As of this date, Debtor has failed to cure monthly Plan payments which were to be paid to the Sub V Trustee.

3.4     More than thirty days have expired since notices were issued.

3.5     Debtor's default consists of Debtor's failure to make the required Plan payments and failure to file post-confirmation reports.  Debtor remains two payments in arrears.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, upon notice and hearing, Sub V Trustee requests that the Court conduct a hearing on the Motion to Show Cause why the Plan should not be deemed to be in default and why the case should not be dismissed or converted to a Chapter 7 case, and either dismiss or convert this case, or order such other relief as may be appropriate.

4 | P a g e

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
112 East Pecan Street, Suite 1616
San Antonio, Texas 78205
Telephone: (210) 220-1334
Facsimile: (210) 227-7924
E-Mail: mcolvard@mdtlaw.com

By: /s/Michael G. Colvard
_____
Michael G. Colvard
State Bar No. 04629200

**SUBCHAPTER V TRUSTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2025, a true and correct copy of the foregoing document was served on the parties listed on the attached service list via regular U.S. Mail.

/s/ Michael G. Colvard
Michael G. Colvard